Judge Mills
delivered the opinion of the court.
Henry Elliot and Thomas D. Carneal executed and sealed an article of agreement, in which are the following stipulations.—to wit:
“Whereas, the said Henry Elliot is possessed of a note “of hand granted by James Colquhoun to him, the said “Henry Elliot, on the twentieth day of October, 1809, for “nine hundred and fifty dollars, being a part for five tons “of sheet iron had, furnished by the said Elliot to the said “Colquhoun at the date of said note; now be it known by “these presents, and it is hereby covenanted and agreed by “the said Henry Elliot, that for the consideration and on the “conditions hereafter mentioned, that is to say, for and in “consideration of the delivery, at the mouth of the Ohio, “at the ware-house there established, by the said Thomas “Davis Carneal or agent, of two thousand gallons of merchantable whiskey, on or before the date hereafter stipulated, the said Henry Elliot shall deliver up unto him, the “said Carneal or agent, the note aforesaid of said Colquhoun, or shall receive the said, whiskey in full of the same, “granting, with the adequate receipt, an order for said note, “should the same rest in the hands of Ormsby and Stanby “of Cincinnati, as may happen to be the case; and the “said Thomas Davis Carneal on his part covenants and “agrees, to and with the said Henry Elliot, that he will deliver unto him or his agent, on or before the 15th day of “February next ensuing, the date of this writing, (to wit: “of 1810,) or will deposit in the ware-house established at “the mouth of the Ohio, for his acceptance and open to his “order, two thousand gallons of merchantable whiskey, “put up in good and sufficient barrels, receiving for the “same, and in full thereof, the aforesaid note of said Calquhoun for nine hundred and fifty dollars. But it is understood between the parties, and so is agreed, that if “from any cause adventitious or otherwise, the said Carneal “should suffer delay in the delivery of the whiskey, that “the same in this event shall not preclude its acceptance “by the said Elliot, provided the difference of time does “not exceed ten days posterior to the dates stipulated, or “until the ten days farther or as above allowed shall have “expired, the said Carneal hereby agrees that the whiskey *309 "shall be kept on board the boat for the said Elliot, until ‘‘notice can be given to him, the said Elliot, or his connections at St. Genevieve, of the arrival of the same at the "point agreed on.”
On this writing, dated in October, 1809, Elliot brought covenant in the court below, and assigned for breach in the words of the covenant, the non delivery of the whiskey by Carneal at the time specified. To this declaration the defendant, Carneal, pleaded three several special pleas in bar. The first is in substance, that before the issuing of this writ, and after the time the whiskey became due, to wit: on the first of August, 1810, the said Elliot issued his writ and commenced his suit against the said Calquhoun, on the note for nine hundred and fifty dollars, which was to have been given in consideration of the whiskey, and that he obtained judgment and issued execution thereon against Calquhoun. The second plea was replied to and issue joined. That issue never having been tried, and not being now involved in the assignment of error, it need not be here recited. The third alledges that Elliot was not, by himself or agent, on the day that the whiskey was to have been delivered at the mouth of the Ohio, possessed of the note of the said Calquhoun ready to be delivered to him, said Carneal, upon the payment of the whiskey by him, nor was he then and there ready to give to the defendant an adequate order to enable him to receive the said note on Calquhoun, nor had he ever offered it to him, said Carneal, or any order therefor; but, in violation of his said agreement, did hold to his own use the said note, and had proceeded to coerce payment thereof from Calquhoun.
To each of these first and third pleas Elliot demurred, and Carneal joined in demurrer. The court below sustained both pleas as valid, and gave judgment for the defendant. To reverse this decision this writ of error is prosecuted; and the sole question involved is the validity of the first and third pleas.
Covenants are classed in law, where stipulations are to be performed on both sides, into dependent and independent, conditional and unconditional. In the first class, the party in whose favor the condition is, is not bound to act till the condition is performed by the other party. In addition to the remedy which the law may give him for a breach, he has the additional security of withholding the consideration, and may also bring his action for the breach. In the *310 second class, the parties rely on the remedy afforded by law, and each may be liable for a breach, to an action. To which of these classes the present covenant belongs no person can reasonably doubt from its language, and the condition precedent was to have been performed by Carneal before he could have any claim against Elliot. The words in favor of Elliot, before he performed the stipulations on his part, are express, that for the consideration and on the condition thereafter mentioned, to wit, the performance by Carneal of his part, he (Elliot) was to perform his agreement and give up Calquhoun’s note. On the contrary, the stipulation on the part of Carneal is absolute and unconditional. He was to perform at all events, and rely on his action at law if Elliot thereafter failed. He seems to predicate his first plea on the idea that he acquired the right to the note of Calquhoun, although he performed nothing himself of the condition precedent, and that thereafter, notwithstanding his own entire failure, which remained unanswered by the plea, Elliot lost his control over the note; or that Elliot by his retaining the note and putting it in suit against Calquhoun, after his (Carneal’s) failure, forfeited his right of action, and was barred of his suit against him (Carneal). Such a position is wholly inadmissible. As well might it be said that if Elliot had stipulated he had money for the whiskey, and had prepared it for the purpose, if he used it after Carneal’s failure, he forfeited his right of action. His cause of action was complete on Carneal’s failure; and his using the consideration to be given by him afterwards, could not release Carneal. It is unnecessary to enquire what remedy, or whether any, Carneal may have for the value of the note against Elliot, if Elliot recovers in this suit: for it is clear he cannot make it a bar to this action. The first plea is then wholly insufficient, and ought to have been overruled by the court below.
Where stipulations are to be performed by both parties to a covenant, the conditions are either dependent or independent; where they are dependent the party in whose favor they are introduced, need do no act till the condition is performed, if the condition is not performed he has his remedy by action for the breach, and may also withhold the consideration and apply it to his own use.
Nor is the second plea deemed any better, It relies, in part, on the same or similar matter with the first; to wit, the continuing to hold and coerce the payment from Calquhoun of the note. But it also states additional ground. It assumes the ground that the condition precedent was to be performed by Elliot—when it was to be done by himself. It supposes it to be necessary for Elliot to be present at the day and place of performance with the note or Calquhoun, and that he, Carneal, had a right to guess that Elliot would *311 not be there, and on the strength of it, to fail entirely himself, and if Elliot was not there he could pay off his obligation by Elliot's absence; when, it is clear, that by depositing the procedure at the ware-house, subject to Elliot's order, or retaining it on board of his boat till Elliot of his connections had notice, according to the contract, without the presence or concurrence of Elliot, he might have discharged his covenant and made his cause of action complete. This plea is therefore adjudged wholly defective also; and the judgment of the court below sustaining these pleas, must be reversed with costs, and the cause remanded with directions to sustain the demurrers to both the first and third pleas of the defendant, and proceed to try the issue on the second.
Wickliffe for plaintiff, Haggin for defendant.